STATE OF OREGON, *Appellant,*

*v.*

TOMMIE JOE MORRIS, *Respondent.*

(No. 77-0015, CA 8444)

574 P2d 350

Darryl L. Larson, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney for Lane County, and David M. Nissman, Certified Law Student, Eugene.

Edward Monks, Eugene, argued the cause for respondent. On the brief were Kenneth A. Morrow, and Morrow & McCrea, P.C., Eugene.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

The state appeals from an order suppressing defendant's confessions as having been given involuntarily and without a knowing and voluntary waiver of *Miranda* rights.

Defendant was shot during a late evening burglary and was taken to a hospital for treatment of his injured elbow. His companion was also wounded and died in the emergency room. After surgery, defendant slept intermittently; throughout the night he was given various medications, including morphine.

The next morning at approximately 9:45 a police sergeant went to defendant's room, informed him of his rights—which he indicated he understood—and began questioning him about the burglary and other crimes in which defendant was a suspect. Defendant denied knowledge of the other crimes. The officer told him that "it would be better to tell the truth; it will come out anyway." He suggested that defendant consider a hypothetical situation in which

"* * * a person is going into court, and you have two people that are responsible for the same crime. One person is sitting there and he is lying, not telling the truth. The state proves it, and you compare that to a person who admitted that he has done wrong, who realizes he has made a mistake, and he tells the truth."

After concluding, "Suppose you were the judge," he asked defendant, "How would you look upon this?"

Defendant still denied that he knew anything about the other crimes. The officer then revealed that he had taken a tape recorded statement from defendant's girlfriend in which she implicated him in several crimes. At defendant's request portions of the girlfriend's statement were then played, and the officer again admonished him that it would be better to tell the truth. At that point defendant confessed to several crimes, including the one with which he is charged in this proceeding. At no time did the defendant attempt to terminate the questioning.

Defendant claims the original confession was induced by the policeman's statements. Although the defendant had received various medications and had slept only sporadically, he makes no claim on this appeal that those facts influenced his conduct in any way. Indeed, the uncontradicted testimony of his treating physician, which was well corroborated by others, was that the medication had no significant impact on defendant's mental state and he was "alert, coherent and certainly able to understand everything going on."

The trial court found that the officer "impliedly promised the defendant that if he confessed he would receive favorable treatment by judge." Assuming the correctness of that conclusion, still there was no express finding that defendant relied on the promise when he confessed. Indeed, a finding of reliance would have been contrary to all of the defendant's own evidence. He admitted, both during the interrogation and in his testimony at the hearing, that he knew the officer could not and did not promise him anything. Absent the element of reliance, the order suppressing defendant's confession was improper. *State v. Ellis,* 232 Or 70, 374 P2d 461 (1962).

Reversed and remanded.

## ERRATA

*State v. Tommie Joe Morris,* 32 Or App 457, 460-63:

The dissent to this opinion was published in error and is withdrawn. The majority opinion is, in fact, the unanimous opinion.